**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **JOHN DRUMMOND,** | **CASE NO. 1:16CV734** |
| Petitioner, | **JUDGE CHRISTOPHER A. BOYKO** |
| Vs. | |
| **CHARLOTTE JENKINS, Warden,** | **MEMORANDUM OF OPINION** |
| Respondent. | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner John Drummond's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and dismisses Petitioner's Petition.

## FACTS

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

In its January 2013 session, the Ashtabula County Grand Jury issued an Indictment charging Petitioner with two counts of Aggravated Murder, one count of Kidnapping and one count of Felonious Assault. Each charge carried two Firearm Specifications. Petitioner entered a plea of not guilty. On April 4, 2013, Petitioner filed a Motion to Dismiss the Felonious Assault charge as barred by the statute of limitations. On May 1, 2013, the trial court granted the Motion as unopposed.

On August 28, 2013, after a four day jury trial, Petitioner was found not guilty of Count One, Aggravated Murder, guilty of Count Two, Aggravated Murder and the attached Firearm Specifications and guilty of Count Three, Kidnapping and the attached Firearm Specifications. The trial court merged Counts Two and Three and the attached Specifications for sentencing. The court imposed a sentence of life with parole eligibility after twenty years and three years of incarceration for the Firearm Specification to be served consecutively with the sentence in Count Two.

On September 23, 2013, Petitioner filed a Notice of Appeal to the Eleventh District Court of Appeals of Ohio. The state appellate court affirmed Petitioner's conviction and sentence on March 16, 2015. On May 4, 2015, Petitioner filed an untimely Notice of Appeal and Motion for Leave to File Delayed Appeal to the Supreme Court of Ohio. On June 5, 2015, the Court of Appeals issued a Judgment entry *sua sponte* striking the 21st page of its March 16, 2015, Opinion and substituting an attached 21st page. The record reflects no substantive change was made to the Opinion, only that the substituted 21st page merely removed a case citation.

On June 23, 2015, Petitioner filed a Notice of Appeal from the June 5, 2015, Judgment Entry to the Ohio Supreme Court. On June 24, 2015, the Supreme Court of

Ohio denied Petitioner's Motion for Leave to File a Delayed Appeal from the Court of Appeals original March 16, 2015, Opinion and dismissed the case. On December 16, 2015, pursuant to S.Ct. Prac. R. 7.08(B)(4), the Supreme Court of Ohio declined to accept jurisdiction of Petitioner's Appeal from the Judgment entry substituting the 21st page of the March 2015 Opinion.

Petitioner placed the instant Petition in the prison mailing system on March 14, 2016, asserting four grounds for relief:

> **GROUND ONE:** Did a sixteen year delay between the commission of the offense and the indictment being filed constitute a violation of appellant's right to due process protections when the delay resulted in the loss of substantial evidence and the justification for the delay by the state was merely that the defendant was not prejudiced?
>
> **GROUND TWO:** If a defendant is convicted of the commission of a homicide during his participation in a kidnapping, if the evidence fails to establish beyond a reasonable doubt that the defendant was guilty of the underlying kidnapping, must the conviction of murder be dismissed?
>
> **GROUND THREE:** Where the defendant has established substantial prejudice from the unexplained loss of essential evidence, must the trial court instruct the jury that it may make a negative inference from the fact that the evidence in question was mishandled?
>
> **GROUND FOUR:** If a criminal case is brought sixteen years after the offense, considerable evidence is lost, witnesses have died, the testimony of the prosecution witnesses are inconsistent with each other and they all were provided with plea deals, was the conviction against the manifest weight of the evidence?

On March 31, 2016, this case was referred to the Magistrate Judge for a Report and Recommendation. Petitioner filed a Motion to Stay and Motion to Hold Case in Abeyance, which was denied. The Court has reviewed Petitioner's Objections and found them to be unavailing. Petitioner filed an Amended Petition/Traverse. The

Magistrate Judge denied Petitioner leave to amend. The Court has reviewed Petitioner's Opposition and found his arguments to be ineffective. The Magistrate Judge filed his Report and Recommendation on March 9, 2015. Petitioner filed his Objection on March 28, 2018.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

4

**ANALYSIS**

Respondent argues that the Court should reject the instant Petition based on the concurrent sentence doctrine. Petitioner is serving a death sentence from an Aggravated Murder conviction and has an execution date of April 21, 2022. However, the concurrent sentence doctrine is a discretionary one.

The Sixth Circuit has explained the concurrent sentence doctrine in the context of federal habeas proceedings as follows:

> According to this doctrine, which has been accepted by this Court, a [habeas] court may decline to hear a substantive challenge to a conviction when the sentence on the challenged conviction is being served concurrently with an equal or longer sentence on a valid conviction. *See United States v. Jeter*, 775 F.2d 670 (6th Cir.1985), cert. denied, 475 U.S. 1142, 106 S.Ct. 1796, 90 L.Ed.2d 341 (1986).

The Magistrate Judge points out that the Sixth Circuit has admonished the concurrent sentence doctrine should be applied only when there is no possibility of further challenges. Since it is possible that Petitioner may seek clemency, the Court agrees with the Magistrate Judge that the instant Petition should not be rejected under the concurrent sentence doctrine.

Respondent also argues that all four of Petitioner's Grounds for Relief are procedurally defaulted. Petitioner raised them on direct appeal to the Court of Appeals, but failed to file a timely appeal to the Supreme Court of Ohio. Petitioner's leave to file a delayed appeal was denied.

Petitioners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings. *See* 28 U.S.C. § 2254(b),(c). This requirement is satisfied "when the highest court in the state in which the petitioner was convicted has been

5

given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander,* 912 F.2d 878, 881 (6th Cir.1990). Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice. *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)).

The Magistrate Judge determined that Petitioner failed to address the issue of default in his Petition or Traverse. The Court notes that Petitioner does not address the procedural default in his Objection to the Report and Recommendation. However, Petitioner does argue that he is actually innocent.

A petitioner's procedural default may also be excused where a petitioner is actually innocent in order to prevent a "manifest injustice." *Coleman v. Thompson*, 501 U.S. 749-50, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Conclusory statements are not enough—a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). *See also Jones v. Bradshaw,* 489 F. Supp.2d 786, 807 (N.D. Ohio 2007); *Allen v. Harry*, 2012 WL 3711552 at * 7 (6th Cir. Aug. 29, 2012).

Here, the Magistrate Judge shows that Petitioner repeatedly asserts he is innocent but fails to support this allegation with any new, reliable evidence that was not presented at trial. Petitioner fails to provide the Court with any explanation of the

6

importance of missing evidence or any eyewitnesses that would support his claim.  The Court agrees that Petitioner cannot demonstrate actual innocence and therefore, cannot show excuse for procedural default.  The Court finds that Grounds One, Two Three and Four are dismissed as procedurally defaulted.

For the foregoing reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation, and dismisses Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3).  Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Date: April 23, 2018

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge